## PIERCE *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

## UNITED STATES *v.* PIERCE.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 64 and 623.   Argued January 6, 7, 1914.—Decided February 24, 1914.

*Billings* v. *United States, ante,* p. 261, followed and distinguished, to the effect that the owner of a foreign-built yacht is not liable for the tax imposed by § 37 of the Tariff Act of 1909, if the yacht was not actually used at all during the preceding year.

190 Fed. Rep. 359, reversed.

THE facts are stated in the opinion.

*Mr. William D. Guthrie,* for the yacht owner in this and other cases argued simultaneously herewith.[1]

--------

[1] See argument, p. 263, *ante.*

*Mr. Assistant Attorney General Adkins,* with whom *Mr. Karl W. Kirchwey* was on the brief, for the United States.[1]

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

These two cases involve the liability of the plaintiff in error in No. 64 for a tax on the foreign-built yacht Yacona, which became due on the first of September, 1909. The complaint in every substantial particular was identical with that filed in the *Billings Case* this day decided, and this is true also of the defenses set up in the answer except that the answer in this case contained this distinct averment which was not in the *Billings Case:* "That the said yacht Yacona was not in use by the defendant or by any other person at any time during the year next preceding the first day of September, 1909, but was out of commission and laid up unused at Brooklyn in the State of New York, throughout the whole of such year." The case was submitted on bill and answer and the liability for the tax which was upheld by the court below was rested upon the construction as to potential use that is a tax on the privilege of using which we decided in the *Billings Case* to be unsound. In this case, as in that, the certificate is concerned with a writ of error prosecuted by the United States to the Circuit Court of Appeals because of the rejection of a prayer for interest. Treating both the cases in this instance as one, as we did in the previous cases, and applying to this the construction which we have given the statute in those cases, it follows that the judgment below was wrong and must be reversed, with direction to dismiss the complaint.

*And it is so ordered.*

-----
[1] See argument, p. 269, *ante.*