UNITED STATES v. INVESTORS' & TRADERS' REALTY CO.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

No. 4.

1. Shipping (§ 7*)—Foreign-Built Yacht—Tonnage Tax.

Tariff Act Aug. 5, 1909, c. 6, § 37, 36 Stat. 112 (U. S. Comp. St. Supp. 1911, p. 1197), provides that a tonnage tax shall be levied and collected annually on the 1st day of September on the use of every foreign-built pleasure yacht now or hereafter owned or chartered for more than six months by any citizen of the United States. *Held*, that the tax so specified is on the "use" of every such foreign-built yacht; and hence, where defendant became the owner of a yacht during the year prior to September 1, 1909, but there was no proof that it used the same at any time, the tax was not recoverable.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 16–20; Dec. Dig. § 7.*]

2. Shipping (§ 7*)—Yachts—Tonnage Tax—"Foreign-Built."

A schooner yacht, built in Montreal, was sold to F. for $9,500. He brought it to Brooklyn, changed it to a steam yacht, and so altered it that very little of the old vessel remained; the cost of the alterations be-

ing $46,712, and the only identity of the new yacht with the old being that certain available timber and materials of which the old yacht was constructed were used in the new. *Held*, that the new yacht was not "foreign-built," and was therefore not subject to the tonnage tax imposed by Act Cong. Aug. 5, 1909, c. 6, § 37, 36 Stat. 112 (U. S. Comp. St. Supp. 1911, p. 1197).

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 16–20; Dec. Dig. § 7.*]

In Error to the District Court of the United States for the Southern District of New York.

On writ of error to review a judgment (190 Fed. 372) sustaining a tax of $7 per gross ton levied by the collector at the port of New York, September 1, 1909, upon the use by defendant of the yacht Allita, alleged to have been built in Canada. The tax was levied under the act of August 5, 1909 (36 Stat. 112). The United States also assigned error based upon the failure of the court to allow interest upon the amount of the tax. The parties will be alluded to as they appear in the court below, viz., as plaintiff and defendant.

Julius Miller, of New York City, for plaintiff in error.
Addison S. Pratt, Asst. U. S. Atty., of New York City.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. In view of the conclusion reached by a majority of the court upon the main issue, it is unnecessary to consider the error assigned by the plaintiff relating to interest. The Circuit Court found: .

"The defendant acquired title to the said steam yacht Allita on the 13th day of July, 1908, by a bill of sale from the said John H. Flagler, dated on the said day. The defendant took the said yacht in part exchange for real estate and for the purpose of reselling her. The defendant is engaged in the business of buying and selling real estate. At no time prior to September 1, 1909, did the defendant use her as a yacht."

[1] The law provides that the tax shall be levied "upon the *use* of every foreign-built yacht." Since the decision of Billings v. United States, 232 U. S. 261, 34 Sup. Ct. 421, 58 L. Ed. ——, United States v. Billings, 232 U. S. 289, 34 Sup. Ct. 427, 58 L. Ed. ——, and the Pierce Case, 232 U. S. 290, 292, 34 Sup. Ct. 428, 58 L. Ed. ——, by the Supreme Court on February 24, 1914, there can be no question that use must be shown. The court says that the right to use "is the subject upon which the statute places the excise duty. In this view the fact of use, not its extent or its frequency, becomes the test, as distinguished from mere ownership, for that in the statutory sense could exist without use having taken place." As there is not a particle of proof that the defendant used the Allita during the year prior to September 1, 1909, or, in fact, at any time, it follows that the judgment must be reversed. The district attorney concedes that the judgment must be reversed upon this ground, but requests an expression of opinion by this court upon the main issue, for the guidance of the court below in the event of his being able to prove the necessary use by the defendant. Was the Allita a foreign-built vessel?

[2] The Gadabout was built in Montreal. She was a schooner yacht and was sold by Mr. J. P. Morgan to Mr. Flagler as the Algonquin for $9,500. Mr. Flagler changed her to a steam yacht and named her the Allita. She was sent by Flagler to Poillon's dock in Brooklyn and there altered, so that very little of the old vessel remained. These alterations cost Flagler $46,712. After reading his testimony it is apparent that the changes were so radical and extensive that practically nothing was left of the old construction. There were new masts, new sails, new stern, new bow, new engine and new boiler. The center, though old material was utilized, was practically new. Some of the old keelsons and other parts were used, but after the repairs the entire structure was changed. The Gadabout disappeared and the Allita came into being. To say that the Allita was a foreign-built yacht is a fiction. She was an American-built yacht with some of the materials, which went into the new structure, purchased in Canada. $34,000 was added to her value; she was lengthened 30 feet. A new and larger boiler and propeller were supplied and a new deck house 45 feet long was added. In short, nothing remained of the old schooner yacht Gadabout considered as a yacht. Where timber and materials were found that were not decayed and could be used in the construction of the new yacht they were so utilized, but we find it impossible to read this record and conclude that the Allita, which left the Brooklyn yard in 1901, was built in Montreal nine years before. We are very clear that the Allita was not built in Canada and was practically a new yacht, although some of the old material was used.

A house built in 1913 can hardly be called old because constructed partly on old foundations and because some of the materials which were in the house which originally stood there have been carried into the new structure. We have been able to find little authority upon the question. The plaintiff cites Hardy v. The Ruggles, 2 Hughes, 78, Fed. Cas. No. 6,062; U. S. v. The Grace Meade, 2 Hughes, 83, Fed. Cas. No. 15,243; Hartupee v. The Coal Bluff, 11 Fed. Cas. No 6,172, where the facts were somewhat analogous. These cases certainly are not opposed to the views above expressed, but tend rather to sustain them.

The judgment is reversed.